## AMERICAN CASUALTY CO v GALLO

Ohio Appeals, 2nd Dist, Franklin Co

No 2295. Decided Sept 26, 1933

Edward K. Francis, Columbus, and John
F. Ward, Columbus, for plaintiff in error.

Fred Rector, Columbus, and Richard T.
Rector, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

We have examined the briefs of counsel
and have read the record in its entirety.

The record discloses a general verdict.
No interrogatories were submitted to the
jury and we are thus required to indulge
every legal intendment to be drawn from
the facts necessary to support the verdict
until the record requires us to hold other-
wise. Applying this test, we are required
to say that giving to the facts to which
the witnesses for Gallo testified the effect
and credibility which the jury had a right
within its province to accord to them, we
must support the verdict and judgment.
There is ample proof in the record, if true,
to support every material claim which it
was requisite for the plaintiff to prove to
establish her case. There is testimony that
the insured, through his agent promptly
notified the representatives of the company
of the automobile collision in which Mrs.
Gallo was injured; that he made a state-
ment as to the facts and circumstances
surrounding the accident which was re-
duced to writing and signed by him; that
the Insurance Company acted upon this
notice, interviewed the plaintiff, Gallo, her
husband and Colangelo; that the insurance
company was cognizant of the claim of
Gallo and a purpose to file a suit and of
its filing; that the Insurance Company, al-
though with reservation, filed an answer,
appeared in court at the trial of the case
and actively took charge of and presented
the defense of Colangelo; that Colangelo
filed an answer in the nature of a general
denial, employed counsel and testified at
the trial of the damage suit; that counsel
for the Insurance Company made the sole
argument of the defendant to the jury; that
upon the return of a verdict against the
Company, it, by counsel, filed a motion for
new trial and represented the insurance
company in that behalf; that when the
judgment was entered upon the verdict,
error was prosecuted by the Insurance Com-
pany to the Court of Appeals and their

counsel appeared for and represented Colangelo.

Although we do not have Colangelo's testimony in the damage suit, it must have raised a question of fact whether or not he was negligent and responsible for the injuries suffered by Mrs. Gallo because counsel for the Insurance Company not only moved for a new trial but prosecuted error upon the case made on the record.

We would not be required to further consider the disputed question whether or not Colangelo gave the Insurance Company immediate notice of the full details of the accident and notice of the suit or whether or not he cooperated with the Company in a defense against the suit of Gallo inasmuch as there is testimony in the record, which, upon any hypothesis, if true, is sufficient to support the general verdict.

The principal question upon which there is marked difference of testimony relates to the giving of written notice of the collision by Colangelo to the Insurance Company. If a determination that Colangelo gave such notice as he claims was necessary to support the verdict, we would have a very close question, but in our judgment, and this seems to be supported by the opinion of counsel for both parties, there was no specific requirement that Colangelo give written notice to the company. Whether or not a failure to do so would constitute lack of cooperation as contemplated·by the parties to the insurance contract was purely a question of fact which the jury had a right to resolve for or against Colangelo. The record does disclose, in its favorable aspect to the Insurance Company, a friendly relationship between Colangelo and the Gallos and some conduct between them from which the jury might have inferred that Colangelo was unduly interested in Mrs. Gallo's securing the benefts of the insurance policy.

But, on the other hand, the jury could as well have reconciled all that Colangelo did upon the theory of securing to the wife of his former friend and business associate, Mrs. Gallo, only that to which she was properly entitled under all the facts and circumstances.

We have also examined the general charge of the court and without extended comment, we are satisfied that it was a correct presentation of the law of the case in so far as challenged by plaintiff in error and that the issue for determination was given to the jury in such form as properly protected all its rights.

The record discloses no prejudicial error which would require us to set aside the judgment. It will therefore be affirmed.

KUNKLE and BARNES, JJ, concur.